UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CONOCOPHILLIPS COMPANY,<br><br>    Plaintiff,<br><br>  vs.<br><br>MILESTONE PACIFIC PROPERTIES, LLC, et al.,<br><br>    Defendants. | Case No: C 10-00079 SBA<br><br>**ORDER DENYING DEFENDANTS' AMENDED MOTION FOR RECONSIDERATION** |

On September 13, 2010, the Court issued an order granting in part Plaintiff's Motion for Summary Judgment.  Dkt. 44.  Also on September 13, 2010, the Court entered judgment in favor of Plaintiff.  Dkt. 45.  Thirty days later, on October 13, 2010, Defendants simultaneously filed a Notice of Appeal from the summary judgment order and judgment (Dkt. 66) and an Amended Motion for Reconsideration of Summary Judgment (Dkt. 62).[1]  Defendants bring their Amended Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) (motion to alter or amend judgment) "or" Federal Rule of Civil Procedure 60(b) (relief from judgment, order, or proceeding).  Dkt. 62 at 1.

Once a notice of appeal is filed, the district court loses jurisdiction over the matters being appealed.  Natural Res. Def. Council, Inc. v. Southwest Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001).  However, a notice of appeal does not divest the district court of jurisdiction if, at the time the notice of appeal was filed, there "was then a pending motion for reconsideration."  United Nat'l Ins. Co. v. R & D Latex Corp., 242 F.3d 1102, 1109 (9th Cir.

---

[1] Defendants filed both a Motion for Reconsideration and "Amended" Motion for Reconsideration" on October 13, 2010.  The Amended Motion for Reconsideration corrected a filing error Defendants made in filing their initial Motion for Reconsideration, as Defendants had initially filed only the last page of their motion.

2001) (citing Fed. R. App. P. 4(a)(4)(B)(i)).  Specifically, under Federal Rule of Appellate Procedure 4(a)(4)(B)(i), a notice of appeal does not become effective, and the district court does not lose jurisdiction, until the district court rules on all motions for reconsideration filed <u>no later than twenty-eight days after judgment is entered</u>.  Fed. R. App. P. 4(a)(4)(B)(i); <u>see also</u> <u>Miller v. Marriott Int'l., Inc.</u>, 300 F.3d 1061, 1063-64 (9th Cir. 2002); Fed. R. App. P. 4(a)(4)(A)(vi) (to toll time to appeal, motion under Fed. R. Civ. P. 60 must be filed "no later than 28 days after the judgment is entered").

      Here, Defendants filed their Notice of Appeal and Amended Motion for Reconsideration <u>thirty days</u> after the Court entered judgment in this matter.  Therefore, Defendants' Amended Motion for Reconsideration was not "pending" under Rule 4(a)(4)(B)(i) when Defendants simultaneously filed their Notice of Appeal.  As such, this Court was divested of jurisdiction upon Defendants' filing of their Notice of Appeal.  Additionally, to the extent that Defendants' motion is based on Rule 59(e), it is untimely.  Accordingly,

      IT IS HEREBY ORDERED THAT Defendants' Amended Motion for Reconsideration (Dkt. 62) is DENIED.

      IT IS SO ORDERED.

Dated: November 2, 2010

                                                   SAUNDRA BROWN ARMSTRONG
                                                   United States District Judge